UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY L JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-47 |
| | § | |
| OCWEN LOAN SERVICING, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion to Remand. (D.E. 8.) For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 156th District Court of Bee County, Texas, where it was originally filed and assigned Cause Number B-09-1039-CV-B.

### I.     Factual and Procedural Background

Plaintiff Gary Johnson contends that Defendants Ocwen Loan Servicing LLC ("Ocwen"), Countrywide Home Loans, Inc. (Countrywide'), and Sheila Gage, Trustee engaged in a defective sale of Plaintiff's property. (D.E. 1, Ex. 2.) Specifically, Plaintiff contends that Defendants "failed to comply with the procedures surrounding the foreclosure sale," and failed to follow "the terms set out in the deed of trust." (D.E. 1, Ex. 2, p. 6.)

On February 6, 2009, Plaintiff sued Defendants in the 156th Judicial District Court of Bee County, Texas, Cause No. B-09-1039-CV-B. In his Complaint, Plaintiff seeks to "set aside the defective trustee's sale of the property and [seeks a temporary restraining order] to enjoin and restrain defendants from evicting the Plaintiff from the property." (D.E. 1., Ex. 2, p. 7, 9.)

On March 13, 2009, Defendant Ocwen removed the case to this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. §§ 1332. Specifically Ocwen claims that Defendant Shelia

Gage was fraudulently joined to defeat diversity jurisdiction, and that "there is complete diversity among the *relevant* parties (D.E. 1, p. 5) (emphasis added).  For the reasons set forth below, Defendant Gage was not fraudulently joined in this lawsuit, and the Court does not have diversity jurisdiction over this case.

II.   **Discussion**

   a.  **General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).   In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking

at the complaint at the time the petition for removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### b. **Diversity Jurisdiction**

#### i. **Improper Joinder**

The removing Defendants claim that Texas citizen Shelia Gage was fraudulently joined to defeat diversity jurisdiction.  (D.E. 1, p. 3.).  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation by Defendants of actual fraud in Plaintiffs' Original Petition, the removing Defendants would have to establish improper joinder by demonstrating that there is no possibility of recovery by Plaintiffs against nondiverse Defendant Gage.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]."  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573.  The Court does "not determine whether the plaintiff[s] will actually or even probably prevail on the merits of [their state law] claim, but look[s] only for a possibility that the plaintiff[s] might do so."  Guillory,

434 F.3d at 308.  Ordinarily, if the plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  See Smallwood, 385 F.3d at 573.  If the removing Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court does not have diversity jurisdiction over the case. See 28 U.S.C. § 1332, 1447(c).

### ii.  **Possible Recovery Against Nondiverse Defendant**

Plaintiff makes claims against nondiverse Defendant Gage in connection with her capacity as a "substitute trustee" for Ocwen and Countrywide. (D.E. 1, Ex. 2, p. 2.)  Plaintiff claims that Gage made a "defective" sale and "failed to comply with the procedures surrounding the foreclosure sale." (D.E. 1, Ex. 2, p. 6.)  Further, Gage failed to follow the "terms set out in the deed of trust." (D.E. 1, Ex. 2, p. 6.)  According to Plaintiff, Gage failed to "send written notice of the sale by certified mail to Plaintiff at least 21 days before the sale" as required, failed to give "statutorily required notice to cure on residential property," sent the notice to "an incorrect address" and "failed to give notice to accelerate an installment note on default." (D.E 1, Ex. 2, p. 6-7.)  As set forth below, taking Plaintiff's allegations as true and drawing all inferences in Plaintiff's favor, Plaintiff could conceivably recover against Defendant Gage under Texas law.

Under Texas law, a trustee involved in a foreclosure "must act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." Hammonds v. Holmes, 559 S.W.2d 345, 347 (Tex. 1977); see also Pou v. Brown & Shapiro, 1997 WL 102470, *2 (N.D. Tex. 1997) (internal citations and quotations omitted) ("It is not disputed that a trustee under a deed of trust has a duty to act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust. ... This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust."); Stephenson v. LeBoeuf, 16 S.W.3d 829, 837 (Tex. App. -Houston [14th Dist.] 2000) (a trustee

"must act with absolute impartiality and with fairness to all concerned in conducting a foreclosure.").

In this case, Plaintiff pleads facts which, if true, would give rise to a claim for breach of the duty of absolute impartiality and fairness. Plaintiff pleads that Defendant Gage conducted a defective foreclosure sale. (D.E. 1, Ex. 2.) Such an action would not be consistent with Defendant Gage's duty of absolute impartiality and fairness to the parties involved in the foreclosure. Accordingly, "[v]iewing all factual allegations in a light most favorable to plaintiff, which the court must, plaintiffs have alleged facts consistent with a breach of the duty of absolute impartiality. ... Thus there is a reasonable basis for predicting that Texas might impose liability on [Defendant Gage]." Pou, 1997 WL 102470 at *2.

### a. Texas Property Code § 51.007

Also of note, contrary to the argument of the removing Defendants, Texas Property Code § 51.007(a) does not bar Plaintiff from suing Defendant Gage. Specifically, Defendants argue that Texas Property Code § 51.007(a) "provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures." (D.E. 1, p. 4.) Rather, Section 51.007 of the Texas Property Code provides a procedure under which a trustee may be dismissed from a case in certain circumstances. Specifically, Section 51.007(a) states that a trustee named in a suit "may plead in the answer [by a verified denial] that the trustee is not a necessary party" to the action. Tex. Prop. Code § 51.007(a). This verified denial must "stat[e] the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee." Id. Within thirty days, the plaintiff must then file a "verified response" rebutting the trustee's claim. Id. at § 51.007(b). If the plaintiff does not file a timely verified response, the trustee must be dismissed from the suit. Id. at § 51.007(c). However, if the plaintiff does file a

timely verified response, the court will hold a hearing on the matter and will dismiss the trustee "if the court determines that the trustee is not a necessary party." Id. at § 51.007(d). Accordingly, contrary to the argument of the removing Defendants, Section 51.007 does not mandate dismissal of all claims against a trustee, but rather provides that a trustee may be dismissed under certain circumstances. Section 51.007 does not bar Plaintiffs from bringing claims against Defendant Gage as a trustee, and the removing Defendants cannot rely on this statute to claim that Gage was fraudulently joined in this action.

### b. Removing Defendants' Agency Arguments

Finally, the removing Defendants argue that because Defendant Gage served as Substitute Trustee for Ocwen, that Gage was an agent of Ocwen and her citizenship must be disregarded for purposes of diversity jurisdiction. This argument is unpersuasive. First, merely because Defendant Gage was a Substitute Trustees does not mean that she was acting only as an agent of Ocwen. Rather, "[a] trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility." Peterson v. Black, 980 S.W.2d 818, 822 (Tex. App.- San Antonio 1998); Hammonds, 559 S.W.2d at 347 ("The trustee has a separate capacity and is imposed with a particular legal responsibility"); see also Perry v. Long, 222 S.W.2d 460, 467 (Tex. Civ. App. 1949) ("trustees are not agents"); Beggs v. Brooker, 79 S.W.2d 642, 643 (Tex. Civ. App. 1934) (same).

Further, even if Defendant Gage was acting as an agent of Ocwen, her citizenship would not be disregarded for diversity purposes. This is because an agent's citizenship is considered for diversity purposes if the plaintiff could conceivably hold the agent personally liable under state law. See Hart v. Bayer Corp., 199 F.3d 239, 248 (5th Cir. 2000). As set forth above,

Plaintiffs could conceivably hold Defendant Gage liable under Texas law.  Accordingly, even if Gage was considered an agent of Ocwen, her citizenship would not be disregarded for purposes of diversity jurisdiction.

In sum, the removing Defendants have not met their heavy burden to show that Defendant Gage was fraudulently joined in this case.  Defendant Gage, like Plaintiff, is a Texas citizen.  Therefore, the Court does not have diversity jurisdiction over this action.  See 28 U.S.C. § 1332(a).

**III.    Conclusion**

For the reasons set forth above, Plaintiff's Motion to Remand (D.E. 8) is GRANTED and this action is REMANDED to the 156th District Court of Bee County, Texas, where it was originally filed and assigned Cause Number B-09-1039-CV-B.

SIGNED and ORDERED this 22nd day of July, 2009.

Janis Graham Jack
United States District Judge